IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-10-BO

| | | |
|---|---|---|
| EDWARD O. HUTCHINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross motions for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). Plaintiff argues that the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") determination was not supported by substantial evidence and that the ALJ erroneously classified Plaintiff's prior work as "light work." Defendant argues that the ALJ's decision is supported by substantial evidence and that no legal errors were committed. For the reasons stated below, Plaintiff's motion is GRANTED and this case is REMANDED to the Commissioner for a new hearing.

I. SUMMARY OF THE INSTANT DISPUTE

Plaintiff applied for disability insurance benefits and supplemental security income on February 25, 2005. (Transcript, hereinafter "T," p. 107). The claims were denied both initially and upon reconsideration. Plaintiff requested a hearing, which was held on May 4, 2007. On June 28, 2007, the ALJ denied Plaintiff's claim. (T pp. 10-23). Plaintiff filed a request for review with the Appeals Council on August 21, 2007, which was denied.

Plaintiff filed a Complaint with the Court on January 18, 2008. On May 23, 2008, Plaintiff filed a Motion for Judgment on the Pleadings and supporting memorandum. On November 19, 2008, the Commissioner filed a Motion for Judgment on the Pleadings and supporting memorandum. A hearing was held in Raleigh, North Carolina, on January 7, 2009, before the undersigned. These motions are now ripe for ruling.

II.  DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. The ALJ's findings at steps one through three are not contested. Therefore, the issue is whether the ALJ's findings at step four are supported by substantial evidence or were arrived at via legal error.

The ALJ erred at step four in determining that Plaintiff's RFC was light and that Plaintiff could return to his past work as a dishwasher. First, the ALJ erred in determining that Plaintiff's RFC was light because he failed to grant proper weight to Plaintiff's treating physician's opinion. Plaintiff's treating physician, Dr. Munsoor Lateef ("Dr. Lateef"), concluded that Plaintiff's RFC was less than sedentary. Treating physician opinions are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§

404.1527(d)(2), 416.927(d)(2); *see Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Dr. Lateef's opinion was well-supported by the medical findings of three other physicians, who noted, *inter alia*, that Plaintiff could walk approximately one block before developing angina symptoms and that Plaintiff had ongoing complaints of chest pain. Accordingly, the ALJ erred when he failed to afford controlling weight to Dr. Lateef's opinion.

Second, the ALJ erred in determining that Plaintiff could return to his previous work as a dishwasher. The Directory of Occupational Titles classifies work performed by dishwashers as "medium" work. DOT # 318.687-010. The Social Security Administration has stated that "in making disability determinations, we rely primarily on the DOT... for information about the requirements of work in the national economy." SSR 00-4p. The SSA has further asserted that "the regulatory definitions of exertional levels are controlling." *Id.* The ALJ failed to cite, much less utilize, the DOT in his opinion. Thus, the ALJ's determination that Plaintiff's prior work as a dishwasher was "light" work was in error.

III. CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings is GRANTED and the case is REMANDED for a new hearing because the ALJ's conclusions at step four are were arrived at via legal error.

SO ORDERED, this __10__ day of February 2009.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-3-